Javier **MORENO–ESTRADA,** Petitioner—Appellant,

v.

Robert **COLEMAN,**—District Director, et al., Respondents—Appellees.

No. 02–35273.

D.C. No. CV–01–00845–RSL.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 23, 2003.

Before RYMER, THOMAS, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Javier Moreno–Estrada appeals the district court's order denying his 28 U.S.C. § 2241 habeas corpus petition seeking an order vacating his removal order and requiring the immigration judge to consider the merits of his application for a waiver of inadmissibility under Section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1282(h).

Moreno–Estrada contends that Section 212(h) denies him equal protection of the law by excluding legal permanent resident aliens convicted of an aggravated felony,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

but not other aliens convicted of an aggravated felony, from eligibility for the waiver of inadmissibility. We need not reach the government's contention that Moreno–Estrada lacks standing to raise this challenge because Moreno–Estrada's equal protection claim is clearly foreclosed on the merits. *Taniguchi v. Schultz*, 303 F.3d 950, 957–58 (9th Cir.2002) (holding that a rational basis exists for denying § 212(h) waivers to aggravated-felon legal permanent residents but not to other aliens).

This district court's judgment is AFFIRMED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.